UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2015 OCT -6 A 11:57
U.S. DISTRICT COURT
EASTERN DIST. TENN.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-CR-138 |
| | ) JUDGES Varlan/Guyton |
| SIERRA DANIELLE MESSER, | ) |
| Defendant. | ) |

# INDICTMENT

The Grand Jury charges that:

## COUNT 1

On or about June 6, 2015, within the Eastern District of Tennessee, defendant SIERRA DANIELLE MESSER did knowingly distribute in interstate and foreign commerce child pornography, as defined in Title 18, United States Code, Section 2256(8)(B), that had been transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

## COUNT 2

On or about September 22, 2015, within the Eastern District of Tennessee, defendant SIERRA DANIELLE MESSER did knowingly possess material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(B), that involved a prepubescent minor and minor who had not attained 12 years of age, and which had been transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

# FORFEITURE ALLEGATIONS

1. The allegations set forth in Counts 1 and 2 are re-alleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, defendant SIERRA DANIELLE MESSER shall forfeit to the United States of America defendant's interests in the following:

   a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

3. The property to be forfeited includes, but is not limited to the following:

   a. LG cellular telephone, S/N 304CYGW0074311; and

   b. Huawei cellular telephone, S/N Z7QDU15409000787.

4. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court;

2

(d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

                                        A TRUE BILL:



                                        GRAND JURY FOREPERSON

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

*/s/ Matthew T. Morris*
MATTHEW T. MORRIS
Assistant United States Attorney