UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15-CR-138 |
| v. ) | |
| ) | JUDGES VARLAN/GUYTON |
| SIERRA DANIELLE MESSER, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The United States has reviewed the Presentence Investigation Report ("PSR") dated March 9, 2016, prepared by Carol Cavin, United States Probation Officer. The United States has no objections to the PSR. Doc. 23.

## INTRODUCTION

The United States respectfully requests that the Court impose a sentence which includes a term of imprisonment toward the bottom of the advisory Sentencing Guidelines range calculated in the PSR, *i.e.*, 210 - 262 months, to be followed by a term of supervised release of 25 years. The United States believes that the recommended sentence is sufficient but not greater than necessary to accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) and would be an appropriate sentence in this case.

The defendant pleaded guilty to Counts 1 and 2 of the Indictment charging her with knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5). In September

2014 undercover investigators discovered child pornography posted on an image-hosting website. *See* PSR ¶ 7. The user's email associated with the photo album was darkprincess2412@gmail.com. The images posted generally depicted minors engaged in sexually-suggestive poses, including a partially-clothed minor female, approximately eight to ten years old, lying on her back with her legs pulled up over her head, exposing her genitals and buttocks to the camera.

In February 2015 an undercover law enforcement officer sent an email to darkprincess2412@gmail.com and asked if darkprincess2412@gmail.com wanted to exchange "pics and vids" of their girls. The undercover officer received a response to that email which indicated that darkprincess2412@gmail.com wanted to exchange pictures and videos. When the undercover officer inquired into darkprincess2412@gmail.com's interest, she responded, "I like it all. :-) I love all ages of cake. And I love a good video. :-) so hard to come by anything any more. Can I have a video of your girls having fun together? ;-)." "Cake" is a slang term that is sometimes used for cunnilingus.

On June 6, 2015, the undercover officer received an email from the defendant which inquired, "Can I have a pic like these?" Attached to the email sent by the defendant via her darkprincess2412@gmail.com account was a picture showing the genitalia of a minor female with an erect adult male penis next to the minor female's genital area. The picture shows a white colored fluid coming out of the vaginal area of the minor female. The picture is focused upon the child's vaginal area. The minor female appears to be wearing black garters around her thighs. This email transmission forms the basis of Count 1 of the Indictment to which the defendant has pled guilty. Factual Basis (Doc. 16) at ¶ 2. That same date, the undercover investigator received another email from the defendant which had no text but only an attached picture. The attached picture depicted an unclothed prepubescent minor female, approximately 10 years old, with her arms and legs pulled over her head. The minor female's genital and buttocks area are exposed.

2

A search warrant was obtained for the defendant's residence and cellular telephones were seized pursuant to the warrant on September 22, 2015. A forensic examination of the defendant's cellular telephone was seized. A forensic examination of the defendant's cellular telephone confirmed that the defendant had downloaded and possessed images depicting minors engaged in sexually explicit conduct. PSR ¶ 9. The children in the majority of these images appeared to be prepubescent. Several of the images contained adult males engaging in sexual conduct with young children and included depictions of sadistic conduct toward young children. PSR ¶ 10. In total, defendant's cell phone had 172 photos and 12 videos containing child pornography. PSR ¶ 11.

**Nature and Circumstances of the Offenses/History and Characteristics of Defendant**

Under 18 U.S.C. § 3553(a)(1), the Court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant. As summarized above, after posting child pornography on an image-hosting website, defendant disseminated child pornography via electronic mail in interstate commerce to an undercover officer in an effort to exchange child pornography with the undercover officer. The defendant was in possession of a moderately-sized cache of child pornography which she had obtained by and saved to her cellular telephone. A substantial portion of the pornographic images depicted prepubescent minors and some depicted sadistic conduct involving young children.

With regard to the defendant's history and characteristics, the defendant's criminal history is summarized in Paragraphs 41 through 44 of the PSR and her personal characteristics are summarized in Paragraphs 45 through 57 of the PSR. Defendant is 22 years old and has earned a high school diploma. She has no criminal history. PSR ¶¶ 38 - 44. She has a brief history of spotty employment. *Id.* at ¶ 54 - 57. Fourteen victim impact statements have been submitted in association with this case. Some of the statements are by the victims themselves, who are now struggling with the devastating impacts of their initial sexual abuse as well as the ongoing abuse

3

caused by the ongoing worldwide circulation of the images in the Internet. Others are written by the parents/guardians of the minor victims. The consistent theme of the victims tells the story of innocence lost and lives shattered. The victims typically suffer a lifetime of difficulty in maintaining relationships, counseling, and loss of employment opportunities due to the emotion damage wrought by their abuse and the circulation of the images of their abuse on the Internet.

**Sentencing Purposes Set Forth in § 3553(a)(2)**

Further, pursuant to 18 U.S.C. § 3553(a)(2), the Court should consider the need for the sentence to:

    (a)    reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (b)    afford adequate deterrence to criminal conduct;

    (c)    protect the public from further crimes of the defendant; and

    (d)    provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

A sentence within the range is justified and appropriate in this case. The United States has a compelling interest in protecting children from individuals like the defendant who seek to exploit them through the circulation of images and videos of their sexual abuse on the Internet. The child sexual exploitation statutes are intended to provide just punishment for the child pornography offenses that the defendant committed. As amply chronicled in the Sentencing Commission's *The History of the Child Pornography Guidelines*,[1] Section 2G2.2 of the Sentencing Guidelines is the product of careful Congressional and Commission consideration of the appropriate sentences to be imposed for child pornographers like the defendant. The continued Congressional focus on

---

[1] Http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/sex-offenses/20091030_History_Child_Pornography_Guidelines.pdf

4

additional protection of children from those who would exploit them by various means, including via the Internet, strongly indicates that a substantial sentence within the Guideline range is warranted to reflect the seriousness of the offenses.

Also, the appellate courts have repeatedly stressed the strong societal interest in imposing punishment which reflects the seriousness of child exploitation crimes and provides just punishment. For example, in *United States v. Presto*, 498 F.3d 415, 421 (6th Cir. 2007), the Court noted:

> As the Supreme Court has recognized, the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled.

Child pornography destroys the lives of children, leading to a lifetime of internal torment, shame, and psychological devastation. As one victim ("Patrick" from the "Dalmation" series of child pornography) of the defendant's offenses stated in his victim impact statement:

> When a market exists for child pornography, it will continue. I am constantly victimized, knowing the awful truth that I can never escape these photos or the people that profit from them both sexually and monetarily. I know I need counseling but I cannot afford it. My life continues to get worse, not better. My abuser stole my childhood and each of these defendants, who possess and distribute pictures of my abuse, steal my life. Each of these defendants keeps the cycle going by keeping the pictures circulating. I do not think I will ever fully heal until these graphic pictures are removed from the internet. Until then, this painful cycle continues.

Those who collect pornographic images of children and distribute them to others allow the market for child pornography to exist and flourish and fueling the appetite for new abuses of children. Those children who were initially abused in the production of the pornographic materials face ongoing exploitation as images of their abuse and suffering are placed in infinite, indefinite

5

circulation from one individual to another around the world via the Internet. If no market for child pornography existed, the children would not be exploited in this manner.

### Consideration of the Sentencing Guideline Range

The Court should give consideration and deference to the kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant. 18 U.S.C. § 3553(a)(4). The United States agrees with the Probation Officer that no factors would warrant a departure or variance from the advisory Sentencing Guideline range. *See* PSR ¶¶ 111 - 12. A sentence within this advisory Sentencing Guidelines range would also avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

### Requested Term of Supervised Release

The defendant faces a minimum term of supervised release following imprisonment of five years, up to life. The United States requests that the Court impose a term of supervised release of 25 years in this case. The United States believes that this substantial period of supervision will serve the purposes of sentencing embodied in 18 U.S.C. § 3553(a) in light of the danger presented by the defendant's pedophilic interests and the need to protect the public from further crimes of the defendant. Supervision for 25 years will insure that the defendant's rehabilitation is successful and that she does not recidivate and endanger others.

### Restitution

The United States is aware of two requests for restitution submitted by a representative of victims in one known series of child pornography, as referenced in the PSR. PSR ¶¶ 16 - 17. The victim identified as "Angela" has requested restitution in the amount of $11,980.20 to $16,400.20, which is comprised of loss of earning potential, further medical and rehabilitation costs, and security and relocation expenses. John Does I-V of the "8 Kids" series of child pornography have each

6

requested $25,000, which represents a portion of the anticipated losses to be suffered by each of those victims, as provided for in the restitution request, as a result of the distribution of the depictions of the sexual abuse of those victims.

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a term toward the bottom of the advisory range of imprisonment of 210-262 months, to be followed by a term of supervised release of 25 years, is an appropriate sentence under the circumstances of this case and would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in 18 U.S.C. § 3553(a)(2). However, the United States intends to offer argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 31st day of March, 2016.

>NANCY STALLARD HARR
>ACTING UNITED STATES ATTORNEY
>
>By: *s/ Matthew T. Morris*
>Matthew T. Morris
>Assistant United States Attorney
>800 Market Street, Suite 211
>Knoxville, TN 37902
>(865) 545-4167

## CERTIFICATE OF SERVICE

I hereby certify that, on March 31, 2016, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

>By: *s/ Matthew T. Morris*
>Matthew T. Morris
>Assistant United States Attorney