UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:15-CR-138-TAV-HBG-1 |
| SIERRA DANIELLE MESSER, | ) |  |
| Defendant. | ) |  |

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

This criminal action is before the Court on defendant's *pro se* motion for reconsideration [Doc. 50] of the Court's order [Doc. 49] denying her request to compel the Bureau of Prisons ("BOP") to allow her to have video visitation with her friends and family. The Court previously denied this motion because defendant did not argue that other inmates were provided with access to virtual visitations, nor did she allege that her BOP facility had the ability to provide for virtual visitations [Doc. 49].

In her motion for reconsideration, defendant states that other prisoners are allowed access to virtual visitations and her BOP facility has the ability to provide for virtual visitation [Doc. 50, p. 1]. Ultimately, the Court finds that defendant's complaint that she is allegedly being treated differently than other inmates with regard to access to virtual

---

[1] This Amended Memorandum Opinion and Order is identical in all respects to the original order previously entered by the Court, with the exception of the addition of this footnote. The Court was recently informed that the Clerk's Office erroneously failed to mail a copy of the original order to one or more parties entitled to service by mail. To protect any potential appellate rights that may, or may not, be impacted, the Court is issuing this This Amended Memorandum Opinion and Order.

visitations is a complaint pertaining to her conditions of confinement. And, while such claim might be cognizable, *see, e.g. Estelle v. Gamble*, 429 U.S. 97 (1976), they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). Because defendant is not confined in this district, but rather, is confined in the Northern District of Florida, has not filed a new civil complaint, and has not addressed whether she has exhausted any administrative remedies, the Court has no authority to address the requested relief in the instant criminal case. Accordingly, defendant's motion for reconsideration [Doc. 50] is **DENIED**.

    IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE