UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.:3:15-CR-138-TAV-HBG ) |
| SIERRA DANIELLE MESSER, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion to obtain discovery [Doc. 53]. Defendant states that she called her defense attorney's office, and, although her attorney had retired, they agreed to send defendant copies of her discovery. Defendant states that she received this discovery, but it did not include all pages. She asked her attorney's office to resend the discovery with all pages, and they agreed, but she never received such. She now asks the Court to send a copy of the discovery in her case.

When a criminal defendant is represented by counsel, whether appointed or retained, the defendant's attorney generally maintains any discovery materials provided by the government. *See, e.g.*, *United States v. Laurel-Jiminez*, 129 F.3d 120, 1997 WL 661136, at *1 (7th Cir. 1997) (table opinion) (noting that a represented defendant properly "was not permitted to have personal copies of all the government's discovery, such as witness files, because of the risk associated with providing copies of such sensitive information to criminal defendants"). Courts have held that "counsel's decision whether to provide his client with discovery materials constitutes a matter of trial strategy and judgment that ultimately lies within counsel's discretion." *People v. Davison*, 686 N.E.2d 1231, 1236 (Ill. App. Ct. 1997);

*see also Brown v. Burnette*, No. 09-C-0011, 2009 WL 3055361, at *2 (N.D. Ill. Sept. 18, 2009) (upholding the constitutionality of a state rule prohibiting defense attorneys from providing copies of discovery materials to their clients because "the [C]onstitution does not provide a general right to discovery in criminal cases."). Indeed, "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *cf. United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) (noting that even the right of a *pro se* defendant to discovery materials is limited and "must be balanced against the legitimate security needs or resource restraints of the prison" (quoting *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995))). And the Federal Rules of Criminal Procedure do not afford defendants any right to copies of discovery materials distinct from those provided to defense counsel. *See* Fed. R. Crim. P. 16(a).

Here, there is no evidence that the government has failed to provide the defendant's counsel with any required materials. Thus, the defendant's real objection is that her attorney has not provided her with full copies of all the materials she seeks. As explained above, however, the Court lacks any legal basis for ordering the defendant's counsel to provide her with such copies. Accordingly, the defendant's *pro se* motion to obtain discovery [Doc. 53] is **DENIED**.[1]

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, while a represented defendant generally has no right to separate copies of discovery materials, a defendant who files a § 2255 motion to vacate, set aside, or correct her sentence may request that the court authorize discovery for good cause shown. Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Further, upon request, the Clerk of Court for the Eastern District of Tennessee will provide all *pro se* petitioners with a set of standardized forms for filing a § 2255 motion, without cost. E.D. Tenn. L.R. 9.3(a).

12

Case 3:15-cr-00138-TAV-HBG   Document 54   Filed 12/14/21   Page 2 of 2   PageID #: 889